CASE NO. 12-0854

(CONSOLIDATED WITH CASE NO. 12-0857)

SECT. "B" (4)

<u>IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA</u>

IN THE MATTER OF SOUTH LOUISIANA ETHANOL, LLC

&

SOUTH LOUISIANA ETHANOL, LLC

V.

WHITNEY NATIONAL BANK, ET AL.

APPEAL FROM CHAPTER 11 BANKRUPTCY CASE NO. 09-12676 AND ADVERSARY NO. 09-01119 IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA

---

**APPELLANTS' MOTION TO RE-INSTATE APPEAL**

---

**DONATO, MINX, BROWN & POOL**

By: */s/ John Lynd*
Mark R. Pickering
LA 23252
John Lynd
*Pro Hac Vice*
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027
Tel. (713) 877-1112
Fax (713) 877-1138
mpickering@donatominxbrown.com
jlynd@donatominxbrown.com

**ATTORNEYS FOR APPELLANTS**

1

## MOTION TO RE-INSTATE APPEAL

Appellants ENGlobal Engineering, Inc. ("EEI") and ENGlobal Construction Resources, Inc. ("ECR") (hereafter collectively "ENGlobal") file this Motion to Re-instate Appeal and state as follows:

1. On March 26, 2013, this Court entered its Opinion (R. Doc. 29) remanding this matter to the Bankruptcy Court for clarification regarding inconsistent rulings relating to the validity or otherwise of Appellee's ("IPT") Louisiana Private Works Act ("PWA") lien.

2. On April 8, 2013, the Bankruptcy Court held a status conference in the course of which it heard very brief submissions from counsel and advised it would render its opinion in due course without the necessity of briefing by the parties.

3. On April 26, 2013, the Bankruptcy Court entered an Amended Order (Adv. Case 09-1119, Adv. R. Doc. 629) and Memorandum Opinion (Adv. Case 09-1119, Adv. R. Doc. 630) that purports to address and resolve conflicts between its own order (Adv. Case 09-1119, Adv. R. Doc. 537) and that of the district court (CA 08-4008, R. Doc. Nos. 47 and 51), and inconsistencies within its own orders regarding the validity of IPT's lien and its effects, if any, on other creditor's claims.[1]

4. The Amended Order substitutes the words "invalid and void" with the word "valid" regarding IPT's PWA lien and explains the lien is valid only for work performed by IPT "subsequent to January 25, 2007" (the date upon which IPT became a Louisiana licensed contractor). This in essence still reads that IPT's lien is "invalid" in respect of work performed

---

[1] The Memorandum Opinion is replete with errors regarding the established facts of this case and the assertions it states were made by ENGlobal in responding to IPT's Motion for Summary Judgment (Opposition Adv. Case 09-1119, Adv. R. Doc. 535). The facts are properly recited in this Court's Opinion entered March 26, 2013 (R. Doc. 29). Further, ENGlobal refers this Court to Appellants' Brief (R. Doc. 4 at pages 9-12, 13-14 and 30-45) for the correct rendition of the arguments presented in opposition to IPT's Motion for Summary Judgment, and why Summary Judgment should be reversed.

under contracts entered into by IPT <u>before</u> January 25, 2007.

5.  The lien at issue reads in pertinent part:

> "South Louisiana Ethanol, LLC....and HPS Development, LLC...are truly, justly and legally indebted *in solido* unto [IPT]....for the use, construction and repair of the property **under the following contracts**:
> 1.  **Contract dated January 8, 2007** entered into by and between [IPT] and [JCW] in connection with the job location: South Louisiana Ethanol...in the amount of $49,200.00 **subject to any and all change orders and/or any agreement(s) entered into by and between said parties which increase and/or decrease the amount of said contract**. Said contract is hereafter referred to as "Job No. 119-06....."
> 2.  **Contract dated January 8, 2007** entered into by and between [IPT] and [JCW] in connection with the job location: South Louisiana Ethanol...in the amount of $45,558.00 **subject to any and all change orders and/or any agreement(s) entered into by and between said parties which increase and/or decrease the amount of said contract**. Said contract is hereafter referred to as "Job No. 120-07....."

IPT's Lien File # 2007-00008527 recorded 12/26/07 Plaquemines Parish, Louisiana (emphasis added).

6.  The Bankruptcy Court's explanation for finding IPT's lien to be "valid" is that a number of change orders to the pre-January 25, 2007, contracts represent independent contracts and because those independent contracts post-date January 25, 2007, the lien is valid. The change orders at issue increased the amount of the pre-January 25, 2007 contracts; were "changes" to those contracts not separate/independent contracts. The Bankruptcy Court ignores the plain wording of the lien (as recited *supra*). By finding only post-January 25, 2007 change orders valid, the Amended Order (although it does not state so specifically) invalidates the lien as it pertains to the two (2) pre-January 25, 2007 contracts which were "increased" in amount by those change orders. Accordingly, the Amended Order continues to invalidate (at least in part) IPT's lien. As such, this finding supports ENGlobal's asserted position (both in the Bankruptcy Court and in this appeal) that having invalidated IPT's lien (at least in part) the Bankruptcy Court erred in finding the IPT judgment (which in pertinent part recognized the validity of IPT's lien)

3

*res judicata*.

7. The only interpretation that can be made for the Bankruptcy Court's rationale is that the Bankruptcy Court cannot say IPT's lien is valid *in toto*, because that would entail the Bankruptcy Court reversing its finding that contractors with invalid contracts do not have the right to maintain and enforce PWA liens; the very basis for the Bankruptcy Court's erroneous ruling that ECR's timely filed lien was invalid. Rather than reverse itself in this respect – which would result in a *pro rata* sharing of the funds currently being held in the registry of the Bankruptcy Court – the Bankruptcy Court continues to find the IPT lien invalid (at least in part) in order for it to continue to maintain its erroneous ruling that contractor's without valid contracts have no rights under the PWA.

8. It is submitted that the only reasonable way of reading the Bankruptcy Court's Amended Order is that it continues to invalidate (at least in part) IPT's lien. As such, this contradicts the Bankruptcy Court's Summary Judgment that the IPT Judgment was *res judicata* as to ENGlobal's challenge in the Adversary Case to the validity of IPT's lien – a judgment is either *res judicata* or it is not. As such, it should now be clear to this Court that the Bankruptcy Court erred when it denied ENGlobal's Motion to Strike IPT's Motion for Summary Judgment, and accordingly that judgment should be reversed.

9. Out of an abundance of caution ENGlobal filed a Notice of Appeal regarding the Amended Order on April 29, 2013.

10. As resolution of the other issues presented in this appeal are bound up with a definitive ruling on the validity and extent of IPT's lien, this Court declined to adjudicate those issues and stayed implementation of the Bankruptcy Court's orders regarding distribution of funds. *See* R. Doc. 29.

4

WHEREFORE, ENGlobal moves to re-instate this appeal, and to stay distribution of the funds currently being held in the registry of the Bankruptcy Court pending final resolution of this appeal.

Respectfully submitted,

DONATO, MINX, BROWN & POOL

By: /s/ John Lynd
Mark R. Pickering
LA 23252
John Lynd
*Pro Hac Vice*
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027
Tel. (713) 877-1112
Fax (713) 877-1138
mpickering@donatominxbrown.com
jlynd@donatominxbrown.com

**ATTORNEYS FOR APPELLANTS**